# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:20-cv-282-MOC

| | |
|---|---|
| KC BENCS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **KILOLO KIJAKAZI,** ) | |
| **Commissioner of Social Security,** ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the parties' opposing Motions for Summary Judgment. (Doc. Nos. 15, 20). Having carefully considered such motions and reviewed the pleadings, the Court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

### I. Administrative History

On May 19, 2017, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, with an alleged onset date of May 19, 2017. (Tr. 12, 189). This claim was denied initially on September 6, 2017, and upon reconsideration on March 22, 2018. (Tr. 12, 84, 98). Plaintiff filed a written request for a hearing on April 8, 2018. (Tr. 12, 116). She appeared, with counsel, before an ALJ on July 18, 2019; a vocational expert was also present. (Tr. 12, 31). After considering the claim de novo, the ALJ issued a decision on September 30, 2019, finding Plaintiff not disabled. (Tr. 9-25). On October 25, 2019, Plaintiff requested review of the ALJ's decision by the Appeals Council. (Tr. 171–74). The Appeals

Council denied the request for review, making the ALJ's decision the final decision on Plaintiff's Claim. (Tr. 1-3). Plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## II.     Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the Court adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III.    Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not de novo, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401 (internal citations omitted). Even if the Court were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if it was supported by substantial evidence. Hays, 907 F.2d at 1456. The Fourth Circuit has explained substantial evidence review as follows:

> the district court reviews the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error. If the reviewing court decides that the ALJ's decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling with or without remanding the cause for a rehearing. A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence. If the reviewing court has no way of evaluating the basis for the ALJ's decision,

then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations and quotations omitted).

### IV. Substantial Evidence

#### a. Introduction

The Court has read the transcript of Plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the relevant exhibits contained in the extensive administrative record. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. For the following reasons, the Court finds that the ALJ's decision was supported by substantial evidence.

#### b. Sequential Evaluation

The Act defines "disability" as an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(2). To qualify for DIB under Title II of the Act, 42 U.S.C. §§ 416(i) and 423, an individual must meet the insured status requirements of these sections, be under retirement age, file an application for disability insurance benefits and a period of disability, and be under a "disability" as defined in the Act.

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim pursuant to the following five-step analysis:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience must be considered to determine if other work can be performed.

20 C.F.R. § 416.920(a)-(f). The burden of proof and production during the first four steps of the inquiry rests on the claimant. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. Id.

### c. The Administrative Decision

In rendering his decision, the ALJ applied the five-step sequential evaluation process set forth in the regulations for evaluating disability claims. See 20 C.F.R. § 404.1520(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24 (2003). At step one, he found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 14). At step two, he found that she had severe impairments of mood disorder, seizure disorder, headaches, and neurocognitive disorder. (Tr. 14). At step three, the ALJ found that Plaintiff's impairments did not meet or equal

the severity of any listed impairment, and specifically considered listings 11.02, 11.18, 12.04, and 12.06. (Tr. 15–18). The ALJ further found that Plaintiff had the following "paragraph B" criteria limitations: a moderate limitation in understanding, remembering, or applying information; a mild limitation in interacting with others; a moderate limitation in concentration, persistence, or pace; and a mild limitation in adapting or managing oneself. (Tr. 16–17). As for Plaintiff's residual functional capacity, the ALJ found that she could

> perform a full range of work at all exertional levels but with the following nonexertional limitations: she has been incapable of climbing ladders or tolerating concentrated exposure to noise. [Plaintiff] has needed to avoid even moderate exposure to hazards, and has been further restricted to performing simple, routine, and repetitive tasks for two-hour intervals for the duration of a workday.

(Tr. 18–22). At step four, the ALJ found that Plaintiff had past relevant work but, given her residual functional capacity, would be unable to return to the same. (Tr. 22–23). At step five, the ALJ found that, given Plaintiff's residual functional capacity and vocational factors, she would be able to perform other work available in significant numbers in the national economy. (Tr. 23–25). Based on this finding, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act at any time during the relevant period.

## V. Discussion

Plaintiff presents two arguments before this Court: one, that additional evidence submitted to the Appeals Council was implicitly admitted, and this evidence requires remand for further consideration; and two, that the ALJ's residual functional capacity assessment did not account for Plaintiff's limitations.

**A. Plaintiff's contention that the Appeals Council implicitly admitted Plaintiff's evidence.**

As her first assignment of error, Plaintiff contends that Plaintiff's brief to the Appeals Council included an attached nine-month calendar detailing Plaintiff's headache experience during that time, and the Appeals Council implicitly allowed that evidence for good cause. Plaintiff contends that, without the journal as part of the record before the ALJ, the record lacks evidence relating to the frequency and duration of Plaintiff's headaches. Plaintiff contends, therefore, that this matter should be remanded to a new ALJ for reconsideration of this "new" evidence. For the following reasons, the Court finds that the Appeals Council did not implicitly allow the headache journal into the record and, in any event, the headache journal is not new or material.

There is a limited set of five circumstances under which the Appeals Council will review an underlying ALJ decision, 20 C.F.R. § 404.970(a), with the fifth being raised in this case: the submission of additional evidence, and whether this evidence is properly considered part of the relevant evidence before this Court. When appealing an ALJ decision to the Appeals Council, an individual "should submit any evidence [they] wish to have considered by the Appeals Council with [their] request for review, and the Appeals Council will consider the evidence in accordance with [20 C.F.R.] § 404.970." 20 C.F.R. § 404.968. "The Appeals Council will only consider additional evidence" that does not otherwise meet the timeliness rules of evidence submission to an ALJ if there is good cause for not previously submitting the evidence. 20 C.F.R. § 404.970(b) (citing 20 C.F.R. § 404.935).

If there is good cause, the Appeals Council will determine if the additional evidence is "new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5). "Evidence is new if it is not duplicative or cumulative and is material if there is a reasonable possibility that the new evidence would have changed the

-6-

Case 1:20-cv-00282-MOC   Document 23   Filed 09/27/21   Page 6 of 13

outcome. Meyer v. Astrue, 662 F.3d 700, 705 (4th Cir. 2011) (citing Wilkins v. Sec'y of Health & Human Serv., 953 F.2d 93, 96 (4th Cir. 1991)). If the Appeals Council find that these requirements are met, they will review the case. 20 C.F.R. § 404.970(a). Then, they will either make a decision or remand the case to an administrative law judge. 20 C.F.R. § 404.979. If the Appeals Council do not find that these requirements are met, they are not required to "announce detailed reasons for finding that the evidence did not warrant a change in the ALJ's decision." Hollar v. Comm'r of Soc. Sec., 194 F.3d 1304 (Table), 1999 WL 753999, at *1 (4th Cir. 1999).

     1. The Appeals Council did not "implicitly" find that Plaintiff's submitted evidence meets the requirements of 20 C.F.R. § 404.970(a)(5) and (b).

     First, as Defendant notes, Plaintiff presents a strained argument that, despite not making the finding that Plaintiff's submitted evidence (attached to her briefing before them, Tr. 243-261) met the requirements of 20 C.F.R. § 404.970, the Appeals Council somehow implicitly found the same by admitting evidence to the record. However, the only reasonable conclusion is that the Appeals Council did not find the calendar to meet the requirements of 20 C.F.R. § 404.970(a)(5) and (b). The regulations make no room for the sort of implicit finding suggested by Plaintiff. Moreover, from a practical standpoint, the calendar being an attachment to Plaintiff's brief (and therefore being incidentally exhibited with it in the record) cannot circumvent the procedural requirement that it be new and material, and presented under circumstances demonstrating good cause, before it is evidence that must be considered by the Appeals Council and later adjudicators (such as this Court). Otherwise, the purpose of the Appeals Council's determining if the submitted evidence meets the regulatory requirements of 20 C.F.R. § 404.1570(a)(5) and (b) is lost, leading to improper arguments that the ALJ or Appeals Council did not consider all of the available evidence.

-7-

Case 1:20-cv-00282-MOC   Document 23   Filed 09/27/21   Page 7 of 13

2. There is no good cause for considering Plaintiff's calendar, and it does not meet the standard for new and material evidence.

At the outset, Defendant agrees that Plaintiff's calendar relates to the period on or before the date of the ALJ's decision: it covers the months of January to September 2019, and the ALJ's decision was issued on September 30, 2019. However, Plaintiff's evidence is not new or material, and there was no good cause for its consideration. The good cause exceptions found within 20 C.F.R. § 404.1570(b), and otherwise reflected in the regulations for submission of evidence for claims before an ALJ at 20 C.F.R. § 404.1535(b), include three categories. These are (1) a misleading act by SSA; (2) physical, mental, educational, or linguistic limitation(s) that prevented the individual from informing SSA about or submitting the evidence earlier; and (3) some other unusual, unexpected, or unavoidable circumstance beyond the individual's control prevented them from informing SSA about or submitting the evidence earlier. 20 C.F.R. §§ 434.935(b), 404.970(b). Plaintiff does not allege that any of these exceptions are met. Rather, she argues that good cause was "implicitly found" (Pl. Br. at 15). Given the specificity of these exceptions, the harm they intend to prevent, and the lack of evidence to suggest any of them are present, the Court disagrees that good cause could "implicitly" be found.

The evidence is also not new. Plaintiff's evidence consists of nine pages of a personally kept monthly calendar, marking months January through September 2019. (Tr. 249–57). At the time of her hearing in July 2019 (or more precisely five days prior, based on the requirements for informing SSA about or submitting evidence found at 20 C.F.R. § 404.1535), Plaintiff's journal would have included over six full months of her recordkeeping. Due to its nature, this calendar would have been available to her, and available for submission, at any point before her hearing. "Evidence is new only if it was not in existence or available to the claimant at the time of the

-8-

Case 1:20-cv-00282-MOC   Document 23   Filed 09/27/21   Page 8 of 13

administrative proceeding and is not 'duplicative or cumulative.'" Rickard v. Berryhill, 3:18-CV-00516, 2018 WL 4375156, at *13 (S.D.W. Va. Aug. 24, 2018), report and recommendation adopted, CV 3:18-0516, 2018 WL 4356597 (S.D.W. Va. Sept. 12, 2018) (citing Wilkins, 953 F.2d at 96).

During her testimony before the ALJ, Plaintiff spoke of her diary, as well as the frequency and severity of, and treatment for, her migraine headaches (Tr. 39–41, 49 50). And, as described by the ALJ throughout his decision, Plaintiff's treatment records contain further discussion of her migraine symptoms. (Tr. 16, 18–20). Thus, the diary's brief information is both duplicative and cumulative of other records available to the ALJ, and accordingly is not new. While Plaintiff simply states that the journal is "new" because it was not previously part of the record, and suggests that the record otherwise "lacks evidence relating to the frequency and duration of [her] migraines[,]" this is inaccurate. (Pl. Br., at 12–13). Plaintiff's desire for a different interpretation of this evidence does not change the fact that the calendar is duplicative and cumulative, the ALJ's analysis of the available evidence is reasonable, and his findings are supported by substantial evidence.

The evidence is also not material. Evidence "is material if there is "a reasonable possibility that the new evidence would have changed the outcome." Meyer, 662 F.3d at 705 (citing Wilkins, 953 F.2d at 96). Plaintiff relies on Meyer for the proposition that the calendar is material; however, in Meyer, the evidence at issue was an unconsidered opinion statement, the Commissioner conceded that the opinion evidence at issue was new and material, and the Fourth Circuit was unable to conclude, in light of this evidence, that substantial evidence still supported the ALJ's decision. Meyer, 662 F.3d at 706–07. Here, again, the evidence consists of brief notations by Plaintiff on a monthly calendar. (Tr. 249–57). It does not, for instance, indicate

-9-

Case 1:20-cv-00282-MOC   Document 23   Filed 09/27/21   Page 9 of 13

whether taking medication resolved or improved Plaintiff's symptoms, or the duration of a migraine on any given day. The calendar therefore cannot offer a reasonable possibility of changing the outcome when the record otherwise contained several more detailed statements, given during testimony and her course of treatment, which were considered and discussed by the ALJ. (Tr. 13–22). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, or substitute our judgment for that of the [ALJ]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).

Furthermore, because the Appeals Council denied the request for review, they were not required to make any specific findings regarding Plaintiff's submitted evidence, regardless of whether it was found to be new and material:

> In sum, the regulatory scheme does not require the Appeals Council to do anything more than what it did in this case, i.e., "consider new and material evidence ... in deciding whether to grant review." Wilkins, 953 F.2d at 95; see also Martinez v. Barnhart, 444 F.3d 1201, 1207–08 (10th Cir.2006) (finding "nothing in the statutes or regulations" requires the Appeals Council to articulate its reasoning when "new evidence is submitted and the Appeals Council denies review"); Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir.1992) (rejecting contention that Appeals Council must "make its own finding" and "articulate its own assessment" as to new evidence when denying review); Damato v. Sullivan, 945 F.2d 982, 988–89 (7th Cir.1992) (holding that "the Appeals Council may deny review without articulating its reasoning" even when new and material evidence is submitted to it).

Meyer, 662 F.3d at 706. The Appeals Council "considered the reasons [for Plaintiff's request for review] and exhibited them[,]" and "found that the reasons do not provide a basis for changing the [ALJ]'s decision." (Tr. 1). They have met their statutory burden, and there is no cause for remand on this point. Because Plaintiff has not met her burden in showing that the submitted evidence was new and material, or that there was good cause for its untimely submission, Plaintiff cannot show that it was admitted by the Appeals Council, or even if it was, that it

-10-

Case 1:20-cv-00282-MOC   Document 23   Filed 09/27/21   Page 10 of 13

renders this Court unable to determine whether the ALJ's decision was supported by substantial evidence. This assignment of error is overruled.

**B. Plaintiff's Contention that Substantial Evidence Does Not Support the ALJ's RFC Finding**

As her next assignment of error, Plaintiff contends that substantial evidence does not support the RFC. For the following reasons, the Court disagrees.

In April 2018, Plaintiff was "referred for a neuropsychological evaluation to document her current cognitive, intellectual, and emotional functioning as well as to assist with differential diagnosis and treatment planning" with Marlena Matusewicz, Psy.D. (Tr. 657–63). The ALJ considered this report throughout his decision. As part of his "paragraph B" criteria discussion at step three, the ALJ noted that Dr. Matusewicz found Plaintiff to have an impaired ability to recall information, and despite some mild cognitive deficits retained overall average intellectual abilities and was able to engage in a deliberate approach to tasks and self-correct her errors. (Tr. 20–21, citing Tr. 659–61). Dr. Matusewicz also noted Plaintiff to have appropriate grooming and hygiene, with independent performance of daily activities. (Tr. 21, 23, citing Tr. 659).

The ALJ considered her conclusions as opinion statements: "Dr. Matusewicz opined that [Plaintiff] has experienced mild cognitive deficits, primarily involving attention processing speed, language, verbal memory, and executing functioning. Dr. Matusewicz also found that [Plaintiff] should consider refraining from operating a motor vehicle." (Tr. 21, citing Tr. 661; internal citations omitted). The ALJ found these opinions to be a "vague and conclusory statement, rather than a function-by-function assessment of [Plaintiff's] ability to perform work activities." (Tr. 21). See 20 C.F.R § 404.1513(a)(2) ("A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one

-11-

or more impairment-related limitations or restrictions"). However, the ALJ still found these statements to be persuasive, overall, due to their underlying support from the evaluation and consistency with the opinions of consultative evaluator Cheryl Davis, Ph.D. (Tr. 21, referencing Tr. 303–09). Moreover, the ALJ found Dr. Davis's August 2017 opinions to be persuasive, again noting that while they were somewhat vague, they were supported by Dr. Davis's findings and otherwise consistent with Dr. Matusewicz's later evaluation. (Tr. 26).

Plaintiff appears to argue that because the ALJ did not account for her alleged "slow processing speed," which was noted by Dr. Matusewicz, the assessed residual functional capacity does not adequately reflect her limitations. (Pl. Br., at 17–19). However, "slow processing speed" does not imply a particular functional limitation, nor is it incompatible with the assessed residual functional capacity or the ALJ finding Dr. Matusewicz's opinion to be persuasive. It was reasonable for the ALJ to find the overall opinions to be vague, and therefore unable to include specific corollary findings in the residual functional capacity for Dr. Matusewicz's conclusion regarding slowed processing speed. Furthermore, the ALJ provided the proper level of articulation for Dr. Matusewicz's conclusions as opinions, offering specific articulation for their supportability and consistency. See 20 C.F.R. § 404.1520c ("[W]e will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision"). Moreover, as described above, the ALJ considered Dr. Matusewicz's conclusions in light of the remainder of the available evidence. The ALJ thus took a holistic approach to the record, and reasonably concluded that the overall record only supported the limitations contained in the residual functional capacity. By integrating the available evidence, the ALJ's decision provided

-12-

Case 1:20-cv-00282-MOC   Document 23   Filed 09/27/21   Page 12 of 13

an "accurate and logical bridge from the evidence to his conclusion." <u>Monroe v. Colvin</u>, 826 F.3d 176, 189 (4th Cir. 2016). His residual functional capacity finding is supported by substantial evidence. <u>See</u> <u>Hancock</u>, 667 F.3d at 472 (noting that a court should not reweigh the evidence or substitute its judgment for that of the ALJ on substantial evidence review). Thus, this second assignment of error is overruled.

## VI. Conclusion

The Court has carefully reviewed the decision of the ALJ, the transcript of proceedings, Plaintiff's motion and brief, the Commissioner's responsive pleading, and Plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," <u>Richardson v. Perales</u>, 402 U.S. at 401, Plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) The decision of the Commissioner, denying the relief sought by Plaintiff, is **AFFIRMED;**

(2) Plaintiff's Motion for Summary Judgment, (Doc. No. 15) is **DENIED;**

(3) The Commissioner's Motion for Summary Judgment, (Doc. No. 20) is **GRANTED;** and

(4) This action is **DISMISSED.**

Signed: September 27, 2021

Max O. Cogburn Jr.
United States District Judge